# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Richard B. Lucientes,             Civil No.: 09-760 (RHK/AJB)

           Petitioner,

vs.             **REPORT AND RECOMMENDATION**

Dwight L. Fondren, Warden,

           Respondent.

---

This matter is before the Court, Magistrate Judge Arthur J. Boylan, on Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Docket No. 1] filed on April 2, 2009. The action has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(a).

Petitioner is a federal prisoner incarcerated at the Federal Correctional Institution ("FCI") in Sandstone, Minnesota. He was sentenced in the United States District Court, Northern District of California, for "Conspiracy and Manufacturing and Possession of a Controlled Substance with Intent to Distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1)." See Buege Decl. ¶ 3, Attach. A [Docket No. 5]. He is serving a 240-month sentence, followed by 10 years of supervised release. Id. Petitioner has a projected release date of January 21, 2012, via Good Conduct Time ("GCT") release. Id. Petitioner asserts that he was denied due process when prison officials removed him from the Residential Drug Abuse Program ("RDAP") and reneged on their finding that he was provisionally eligible for the one-year early release that is available under 18 U.S.C. § 3621(e)(2)(B) upon successful completion of the RDAP. He respectfully

1

moves this Court to require the Bureau of Prisons ("BOP") to deem him eligible for early release per § 3621(e) and to reinstate his early release date. Respondent's response filed on May 13, 2009, opposes Petitioner's § 2241 motion asserting that the BOP correctly determined that Petitioner was not eligible for early release in accordance with its regulations/policies, and that in any event Petitioner does not have a constitutional right to early release under 18 U.S.C. § 3621(e)(2)(B). See Resp't Resp. 9-12 [Docket No. 4].

**FINDINGS**

**I. Background**

In 1998, Petitioner was found to be *provisionally* eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3621(e)(2)(B). See Buege Decl. ¶ 4 n.1, Attach. C. Section 3621(e)(2)(B) states that:

> The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

The RDAP is designed with three phases. See 28 C.F.R. § 550.53.[1] Successful completion of RDAP entails successfully completing all three components of the program. Id. Petitioner successfully completed the residential unit-based component of the RDAP at the FCI in Terminal

---

[1] The first phase is the residential unit-based component wherein the inmate must complete a course of activities provided by drug abuse treatment specialists and the Drug Abuse Program Coordinator in a treatment unit set apart from the general prison population. See id. The residential component of the treatment program lasts a minimum of 500 hours over a six to twelve-month period. Id. Upon successful completion of the first phase, the inmate must then (if time permits) participate in the follow-up services to the unit-based component, known as the institution transitional services. Id. During this phase, inmates are given counseling support while they transition back into the general prison population. Id. Finally, in the transitional drug abuse treatment component (halfway house), the inmate participates in and must complete drug abuse treatment and receive counseling support in community-based programs to facilitate the inmates integration back into his/her community upon release from custody. Id.

Island, California on March 14, 2000. See Buege Decl. ¶ 4, Attach. B; see also Pl.'s Pet., Ex. A. On March 14, 2001, Petitioner completed the institutional transitional component of the RDAP at the same facility. See Buege Decl. ¶ 4, Attach. B; see also Pl.'s Pet., Ex. B.

On February 20, 2004, Petitioner was approved for a lesser security transfer. See Buege Decl. ¶ 5, Attach. D. Petitioner left FCI Terminal Island on an unescorted furlough transfer to the Federal Prison Camp ("FPC") in Sheridan, Oregon on March 17, 2004. Id. Petitioner was granted the furlough to visit his terminally ill and dying father. See Pet. 3. He failed to arrive as scheduled on March 18, 2004, and was then placed on escape status. See Buege Decl. ¶ 5, Attach. D.[2] Petitioner was taken back into custody on April 15, 2004. Id.

An incident report was thereafter issued to Petitioner charging him with Escaping From an Unescorted Furlough Transfer, a Code 200 violation of BOP policy on May 17, 2004. Id. at ¶ 6, Attach. E. On May 21, 2004, following a hearing on the above charges in front of a Disciplinary Hearing Officer ("DHO"), Petitioner was found to have committed the aforementioned prohibited act. Id. During the hearing, Petitioner admitted to intentionally not returning as scheduled to FPC Sheridan. Id. at Attach. D. Sanctions for Petitioner's conduct included 14 days disallowance of GCT, 30 days of disciplinary segregation suspended 180 days pending clear conduct, and loss of visiting privileges of 180 days. Id. at Attach. E.

On August 19, 2004, based upon his receipt of the incident report and the DHO finding that Petitioner committed the prohibited act of Escape From an Unescorted Transfer, he was placed in DAP Fail, was expelled from the RDAP program, and was determined to be ineligible

---

[2] Petitioner notes that his choice to abscond was "uncharacteristic behavior" and that in the approximately 16 years that he was incarcerated he was "incident free." See Pet. 3-4. "The pressure of knowing that [he] would never ever see a member of his family again, short of eternity, caused [Petitioner] to abscond..." Id. at 3.

for early release because he could not complete the community-based transitional services component. See Buege Decl. ¶ 7.

Respondent does not contend that Petitioner failed to exhaust administrative remedies before seeking relief from this Court. See Resp't Resp. 8.[3]

**II. Discussion**

The BOP has the authority, but not the duty, to reduce an inmate's term of imprisonment under § 3621(e)(2)(B). Lopez v. Davis, 531 U.S. 230, 241 (2001). Just because an inmate completes RDAP does not mean that the BOP must grant him early release. Green v. Fed. Bureau of Prisons, 2002 WL 32619483, at *3 (D. Minn. Jan 29, 2002)(citing Lopez, 531 U.S. at 239-41)(noting as significant Congress' use of "may" rather than "shall" in § 3621(e). BOP may exclude inmates from early release categorically or on a case-by-case basis. Id. Furthermore, "[p]risoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to 'due process' protections." See Martin v. Sanders, 2006 WL 2079843, at *4 (E.D. Ark. July 10, 2006)(citing Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995)). "A prisoner 'does not have a liberty interest in participating in the residential drug abuse treatment program and receiving a reduction of his sentence upon successful completion of the program because the Bureau of Prisons has discretionary authority to decide who participates in the program and of those participants, who is eligible for a sentence reduction' pursuant to Section 3621(e)(2)(B)." Id. (citations omitted).

Petitioner was initially given provisional early release status. Prior to his completion of all three phases of the RDAP, Dr. Robbie L. Rhodes, the Regional Drug Abuse Programs

---

[3] Respondent also do not contest jurisdiction, venue, or that they are the proper party in this action. Id.

Director, pursuant to BOP Policy Statement ("P.S.") 5330.10, removed Petitioner from the RDAP. See Pet., Ex. C. Due to the DHO's finding that he had committed the prohibited act of escape, Petitioner did not complete all phases of the RDAP, and Dr. Rhodes' therefore determined that he be classified as a Drug Abuse Program Fail and ineligible for the benefit of § 3621(e) early release. Id.

The Court finds that in removing Petitioner from the RDAP as well as his provisional early release status, Respondent did not violate the Constitution or laws or treaties of the United States. "Petitioner has no liberty interest or other protected interest in participating in the RDAP." See Martin, 2006 WL 2079843, at *4. "While the BOP's initial grant of provisional early release status to Petitioner may have given him a false hope or expectation of early release, it did not give him a liberty or otherwise protected interest in early release." Id. (citing Staszak v. Romine, 221 F.3d 1344, 1344 (8th Cir. 2000)). The language of § 3621 is permissive, stating that the BOP "may" grant early release, but not guaranteeing eligible inmates the same.

Even assuming *arguendo* that Petitioner had a liberty interest in early release after completing the RDAP, the Court would further find that the BOP acted within its powers when it revoked his early release eligibility. Former 28 C.F.R. § 550.56 and Program Statement ("P.S.") 5330.10 § 6.5.2 states that:

> An inmate shall lose his or her provisional early release date immediately if the DHO/UDC finds the inmate, pursuant to an incident report, to have:
>
> • Used or possessed alcohol or drugs;
>
> • Been violent or threatened violence; (including code-203, but not limited to this code)
>
> • Committed a prohibited act (100 series); and/or
>
> • Committed a prohibited act involving alcohol or drugs since completing the

unit-based segment of the program.[4]

While it is true that "Escape From an Unescorted Furlough" is a 200 series violation that does not involve drugs, alcohol, or acts of violence under the aforementioned regulations, Petitioner was properly expelled from the RDAP because his escape demonstrated a lack of continued positive behavior per P.S. 5330.10, Chapter 4, page 2(c).[5] As a result, Petitioner was thereafter ineligible for early release under 18 U.S.C. § 3621(e)(2)(B) because he failed to complete the third phase of the drug treatment program (i.e., the community-based transition component) due to his expulsion from RDAP, and his petition should be denied.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] be **DENIED**, and that this action be **DISMISSED WITH PREJUDICE**.

Dated: __August 28, 2009____          __s/ Arthur J. Boylan_____
                                       Arthur J. Boylan
                                       United States Magistrate Judge

---

[4] On March 16, 2009, amendments were made effective to the federal regulations concerning the BOP Drug Abuse Treatment Programs. Under the new regulations, "escape or attempted escape" is a prohibited act warranting immediate removal from RDAP. See 28 C.F.R. § 550.53(g)(3)(iii) & P.S. 5330.11 § 2.5.12.

[5] P.S. 5330.10, Chapter 4, page 2(c) states that the drug abuse treatment coordinator may remove an inmate from the program based upon disruptive or negative behavior. See Buege Decl. ¶ 7.

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and by serving upon all parties written objections that specifically identify the portions of the Report to which objections are made and the basis of each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before **September 11, 2009**.